IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| S.C.C., an adult with a disability, and DAWN CONSIDINE-BRECHON, as parent, legal guardian, and next friend of S.C.C.<br>    Plaintiffs, | )<br>)<br>)<br>)<br>) | **JURY DEMAND** |
| v. | )<br>) | |
| DIXON PUBLIC SCHOOL DISTRICT #170, AMANDA BANKS, in her individual and official capacities, CORENA STEINMEYER, in her individual and official capacities, SUSAN STASTNY, in her individual and official capacities, NANCY KANE, in her individual and official capacities, LEE COUNTY SPECIAL EDUCATION ASSOCIATION, MARGO EMPEN, in her official capacity, AND MICHAEL JUENGER, in his official capacity<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 16 cv 50133 |

## COMPLAINT

S.C.C. and Dawn Considine-Brechon (hereinafter "Dawn"), as Parent, Legal Guardian, and next friend of S.C.C., by and through their attorney, Joyce O'Neill Austin of Shriver, O'Neill, and Thompson, complains against Dixon Public School District #170 (hereinafter "the District"), Amanda Banks, Corena Steinmeyer, Susan Stastny, Nancy Kane, Lee County Special Education Association (hereinafter "LCSEA"), Margo Empen, and Michael Juenger as follows:

### JURISDICTION AND VENUE

1. Jurisdiction appropriately rests with this court as this action arises under I.D.E.A.

2008 U.S.C. § 1400, *et. seq.*,[1] an action for attorney's fees under the same, the Rehabilitation Act of 1973 §504, Americans with Disabilities Act Amendments Act of 2008 (hereinafter A.D.A.A.A), §2, *et. seq.*, 42 U.S.C. §12101, *et. seq.*, 42 U.S.C. §1983 under substantive Due Process and Equal Rights Protections of the Fourteenth Amendment, and jurisdiction is therefore appropriate pursuant to 28 U.S.C. §1331, §1332, and §1367.

2. Venue is proper under 28 U.S.C. §1391 as the complained of conduct occurred in the Northern District of Illinois.

## PARTIES

3. S.C.C. is a twenty-one year old female who, at all times relevant, was a resident of Dixon, IL.

4. S.C.C. was a student enrolled in the Defendant's Dixon Public School District #170 in Dixon, IL at all times relevant.

5. Dawn is the adoptive mother, legal guardian, and next friend of S.C.C., who was identified as having the need for special education as a child with a disability as defined by I.D.E.A., Section 504 of the Rehabilitation Act, and the A.D.A.A.A.

6 At all times relevant, Dawn was a resident of Dixon, IL.

7. At all times relevant, Defendant Dixon Public School District was a corporate body organized under the State of Illinois located within the boundaries of Lee County, State of Illinois.

---

[1] A Due Process Complaint is pending against the District with Illinois State Board of Education.

8. Defendant District employs at its Dixon, IL location, certain school sites, which include Dixon High School located at 300 Lincoln Statue Drive, Dixon, IL 61021 and has over 40 employees.

9. Defendant LCSEA, as the special education cooperative servicing the District, employs at its Dixon, IL location and at certain District school sites, special education teachers, paraprofessionals and related service providers, operates a Life Skills classroom, a Transition classroom, a Self-Contained Cross Categorical classroom and trainings to teachers, paraprofessionals and related service providers and upon information and belief has over 40 employees.

10. Defendant Amanda Banks is a special education and related service provider for the District and/or LCSEA and at all times relevant held a position of influence over S.C.C.

11. Defendant Susan Stastny is a special education provider for the DISTRICT and/or LCSEA and at all times relevant held a position of influence over S.C.C.

12. Defendant Nancy Kane is a service provider for the District and/or LCSEA and at all times relevant held a position of influence over S.C.C.

13. Defendant Corena Steinmeyer as the director of the LCSEA, supervised Defendants Amanda Banks, Susan Stastny, and Nancy Kane, supervised the calculation and implementation of Individualized Education Programs (IEPs).

14. Defendant Michael Juenger was Superintendent of the District through the end of the 2014-2015 school year.

15.     Defendant Margo Empen was Assistant Superintendent at all relevant times for this action, until becoming Superintendent of the District upon Michael Juenger's resignation and assuming the Superintendent's role in the DISTRICT prior to the 2015-2016 school year.

16.     Each individually named Defendant was working for the District and/or LCSEA or both at all relevant times and each was involved in providing services to S.C.C. At all times, each Defendant was operating under the color of state law.

## FACTUAL ALLEGATIONS

17.     S.C.C. attended Dixon High School in Dixon, IL from 2010-2015.

18.     In 2011, S.C.C. was evaluated by the Lee County Special Education Association (hereinafter "LCSEA") and identified as a student in need of special education services under the eligibility of Other Health Impairment with diagnoses of Attention Deficit Hyperactivity Disorder, Bipolar Disorder, Reactive Attachment Disorder, Oppositional Defiant Disorder, a learning disability, and a history of Factitious Disorder by Proxy.

19.     At all times relevant, District and LCSEA personnel had specific and documented knowledge that S.C.C. had mental health and educational issues which affected her judgment and decision-making, caused her to have a tendency to manipulate adults and convey falsehoods, and which required a high level of care with consistency and structure and that such care would require a lifelong commitment by a caregiver.

20.     Despite numerous medical and mental health professionals providing written documentation of Stevielyn's issues, which were documented by Dixon Public Schools

and LCSEA, the defendants took actions which defied parental requests and concerns and violated Federal and State codes and District policies.

21. Upon information and belief, during the 2014-2015 school year and the summer of 2015, Defendant Amanda Banks, in her individual and official capacities, took numerous inappropriate actions which caused harm to S.C.C. and Dawn, including but not limited to:

    a.    pressuring S.C.C. on many occasions by asking inappropriate personal and intrusive questions regarding S.C.C.'s home life which were irrelevant to the services which Ms. Banks was to provide to S.C.C.

    b.    pressuring, directing, and assisting S.C.C. in revoking Dawn's educational rights in regard to her IEP and by calling a IEP meeting without Dawn present where IEP services were terminated and it was determined that S.C.C. would be awarded a diploma and graduate from Dixon High School without notification to Dawn.

    c.    suggesting, influencing, and assisting S.C.C. with writing a letter to her treating psychiatrist stating that Dawn no longer had any rights related to S.C.C. and accusing Dawn of a number of atrocities.

    d.    suggesting, influencing, and assisting S.C.C. with signing Social Security applications and paperwork.

    e.    convincing S.C.C. to come and live with the Defendant Amanda Banks and her husband in DeKalb County, IL.

    f.    leaving S.C.C. unsupervised at many times which resulted in S.C.C. being placed in inappropriate and dangerous situations which resulted in harm to S.C.C.,

including, but not limited to, S.C.C. contacting a man who ultimately sexually assaulted her, S.C.C. going to a "drug house" in or around Rochelle, IL, and S.C.C. being subjected to viewing pornography.

      g.    convincing S.C.C. to revoke power of attorney papers on file at KSB Hospital and Medical Group and assisting S.C.C. with the same.

      h.    convincing S.C.C. to take family members off Facebook and block them and telling her not to make contact with them.

      i.    taking S.C.C. to the driver's license bureau to changer her license/identification.

      j.    soliciting Mr. Rob McGinnis to speak with the Department of Human Services representative Jessica Arnold.

      k.    suggesting, influencing, and assisting S.C.C. with the help of others to call adult protective services and had S.C.C. put them on speaker phone as Amanda coached S.C.C. on what to say to APS.

      l.    instructing S.C.C. to file a report stating that there was inadequate food in the Considine-Brechon home.

      m.    restraining S.C.C. for six weeks from returning to the Considine-Brechon home, during which time S.C.C. was not given her medication and was actually encouraged by Defendant Amanda Banks not to take her prescribed medication.

22.    Upon information and belief, during the 2014-2015 school year and the summer of 2015, Defendant Susan Stastny, in her individual and official capacities, took

numerous inappropriate actions which caused harm to S.C.C. and Dawn, including but not limited to:

    a.    while S.C.C. was still living at home, told S.C.C. she could come live with her if she did not like it at home and each day repeated her phone number to S.C.C. and told her to remember it.

    b.    went with S.C.C. to Goodwill, where Cyndel's sister works and Ms. Stastny stated that she would attempt to get her sister to move out of the Considine-Brechon home as well.

    c.    paid S.C.C. money and had her spend the night at her house.

    d.    conspired with Amanda Banks to prevent Dawn from locating S.C.C. by telling S.C.C. not to go to Whiteside to school as her mother might appear there to see her.

23.    Upon information and belief, during the 2014-2015 school year and the summer of 2015, Defendant Nancy Kane, in her individual and official capacities, took numerous inappropriate actions which caused harm to S.C.C. and Dawn, including but not limited to:

    a.    encouraging S.C.C. to leave her home and move out permanently.

    b.    conspiring with Ms. Stastny and Ms. Banks to convince S.C.C. to forfeit any future educational services available to her under IDEA.

24. Upon information and belief, during the 2014-2015 school year and the summer of 2015, Defendant Corena Steinmeyer, in her individual and official capacities, took numerous inappropriate actions which caused harm to S.C.C. and Dawn, including but not limited to:

    a. having knowledge of the events and actions of District personnel as alleged *supra*, yet not intervening.

    b. not fulfilling her duties or following appropriate procedures when she did not notify Dawn in advance of an IEP held where programming was changed for S.C.C. thus denying Dawn the opportunity to participate in the meeting.

    c. by directly contradicted the parent's wishes regarding the intake of sugar products.

## COUNT I
## Violation of I.D.E.A.
**(Against All Defendants in their individual and official capacities)**

25. The allegations of paragraphs 1 through 25 are incorporated herein by reference.

26. The District failed to calculate IEPs that would provide S.C.C. a free and appropriate education.

27. the District failed to provide S.C.C. with appropriate services including but not limited to:

    a. transportation services;

    b. social work services; and

    c. transition services.

28. The District failed to provide S.C.C. with training and the necessary life skills for independent living or post-secondary education.

29. The District failed during all relevant times to fully implement S.C.C.'s IEPs.

30. The District terminated S.C.C.'s IDEA services by inappropriately awarding her a high school diploma.

31. The District prevented S.C.C. and Dawn from meaningfully participating in the development of her IEPs.

32. The District failed to provide extended school year for S.C.C. even though she was failing to make progress.

33. The District failed to appropriately place S.C.C. in classes that meet the requirements for her to receive an appropriate education.

34. Upon information and belief, during the 2014-2015 school year Defendants Amanda Banks, Susan Stastny, Nancy Kane, and Corena Steinmeyer all knowingly and willingly went against the recommendations and advice of medical professionals, their own evaluations and documentation and the rights and requests of S.C.C. parents by coercing and facilitating S.C.C. to make multiple false reports about Dawn, revoking her parental rights, and terminating educational programming.

## COUNT II
**Violation of the Fourteenth Amendment to the Constitution and 42 U.S.C. §1983**
**(Against All Defendants in their individual and official capacities)**

35. The allegations of paragraphs 1 through 34 are incorporated herein by reference.

36. The Equal Protection Clause of the Fourteenth Amendment commands that all persons similarly situated should be treated alike. See U.S. Const., amend. XIV.

37. At all times relevant, S.C.C. was entitled to a free and appropriate public education just like other non-disabled peers.

38. The Defendants intentionally or purposefully discriminated against S.C.C. and singled her out for disparate treatment because of her disabilities.

39. S.C.C. was denied a free and appropriate public education when the defendants denied her access to the school and education by coercing her into graduating, denying her the assistance of her legal guardian when making educational decisions, and when they went against the advice of professional by advising and coercing her to take inappropriate actions.

40. S.C.C. was qualified for a specialized education program and was discriminated against because of her disabilities and was denied access to that special educational program because of the extra attention she required. The defendants' actions caused S.C.C. a loss of educational opportunities and caused her extreme anxiety, loss of self esteem and emotional distress.

41. The District, LCSEA, Margo Empen, and Michael Juenger also violated S.C.C.'s equal protection rights and substantive due process liberty interest under the Fourteenth Amendment to the U.S. Constitution because of their conscious shocking deliberate indifference to the conduct of Defendant's Amanda Banks, Susan Stastny, Nancy Kane, and Corena Steinmeyer, and due to the District's and LCSEA's own policies, practices, and customs.

COUNT III
Violations of Section 504 of the Rehabilitation Act
(the District and LCSEA)

42. The allegations of paragraphs 1 through 41 are incorporated herein by reference.

43. Section 504 of the Rehabilitation Act of 1973 and its implementing regulations prohibit discrimination by a recipient of federal financial assistance against any person with a disability, regardless of the severity of that disability, solely by reason of her disability.

44. Section 504 of the Rehabilitation Act of 1973 mandates a system of procedural protections, including notice and a meaningful opportunity to be heard, with respect to actions regarding the identification, evaluation, educational placement and provision of special education and related services.

45. Section 504 of the Rehabilitation Act of 1973 provides standing for a parent to sue under the Rehabilitation Act "at least insofar as she is asserting and enforcing the rights of [her daughter] and incurring expense for her benefit." *Stanek v. St. Charles Community Unit School Dist. #303, et. al.*, 783 F.3d 634 (7th Cir. 2015).

46. Defendants, the District and LCSEA, receive, expend, or administer the expenditure of federal funds within the meaning of the Rehabilitation Act.

47. The Defendants, the District and LCSEA, knew that S.C.C. was a student with multiple disabilities that substantially limited major life activities including access to education programs and which qualified her for special education programs and related services under the Rehabilitation Act.

48. The Defendants, the District and LCSEA, intentionally, by and through their employees, deliberately kept Dawn from participating in special education meetings and educational decisions by providing no notice of the same and forcing S.C.C. to revoke a delegation of rights which resulted in neglect and harm to S.C.C. and caused educational loss to S.C.C., denied her right to free appropriate public education, and caused economic loss and emotional distress to S.C.C. and Dawn.

49. The Defendants, the District and LCSEA, retaliated against S.C.C. and Dawn for asserting S.C.C.'s educational rights by their essential denial of the same and caused educational loss to S.C.C. and denied her right to free and appropriate public education and caused economic loss and emotional distress to S.C.C. and Dawn.

## COUNT IV
## Violations of the A.D.A.A.A. 42 U.S.C. §12101
## (the District and LCSEA)

50. The allegations of paragraphs 1 through 49 are incorporated herein by reference.

51. S.C.C. was qualified for a special educational program under the A.D.A.A.A. and was denied access to the program and was discriminated against.

52. Defendants, the District and LCSEA, intentionally and/or willfully and wantonly violated S.C.C.'s rights under the A.D.A.A.A. by retaliating against S.C.C. because of her disabilities and by failing to provide her access to a free and appropriate public education in the ways described herein.

## STATE LAW CLAIMS

### COUNT V
### Negligence
**(Against Defendant Amanda Banks in her individual and official capacity, Corena Steinmeyer, in her individual and official capacity, the District as Respondeat Superior, and LCSEA as Respondeat Superior)**

53. The allegations of paragraphs 1 through 52 are incorporated herein by reference.

54. Upon information and belief, at all relevant times, Defendant Amanda Banks, was a Speech-Language Pathologist licensed by the Illinois Department of Financial and Professional Regulation.

55. At all relevant times, it was the duty of Defendant Amanda Banks, as a licensed Speech-Language Pathologist, to be of good moral character and to not act with "improper, unprofessional or dishonorable conduct of a character likely to deceive, defraud or harm the public." 225 ILCS 110/1, *et. seq.*

56. At all relevant times, Defendant Amanda Banks held a position of influence over S.C.C. and Dawn and owed the aforementioned duties to S.C.C. and Dawn.

57. In breach of the aforementioned duties, Defendant Amanda Banks committed numerous negligent acts or omissions described herein which resulted in harm to S.C.C. and Dawn.

58. S.C.C. and Dawn were harmed as a direct and proximate result of Defendant Amanda Bank's negligent conduct.

59. The District and/or LCSEA and Corena Steinmeyer willfully and wantonly disregard the actions of Amanda Banks related to S.C.C. and with deliberate indifference which caused Dawn and S.C.C. harm.

## COUNT VI
### Negligence
**(Against Defendant Susan Stastny, in her individual and official capacity, Corena Steinmeyer, in her individual and official capacity, the District as Respondeat Superior, and LCSEA as Respondeat Superior)**

60. The allegations of paragraphs 1 through 59 are incorporated herein by reference.

61. Defendant Susan Stastny as a certified teacher has a duty to protect students under her care.

62. In breach of the aforementioned duty, Defendant Susan Stastny, committed numerous negligent acts or omissions described herein that resulted in harm to S.C.C. and Dawn.

63. S.C.C. and Dawn were harmed as a result of Defendant Susan Stastny's negligent conduct.

64. The District and/or LCSEA and Corena Steinmeyer willfully and wantonly disregard the actions of Susan Stastny related to S.C.C. and with deliberate indifference which caused Dawn and S.C.C. harm.

## COUNT VII
### Negligence
**(Against Defendant Nancy Kane, in her individual and official capacity, Corena Steinmeyer, in her individual and official capacity, the District as Respondeat Superior, and LCSEA as Respondeat Superior)**

65. The allegations of paragraphs 1 through 64 are incorporated herein by reference.

66. Defendant Nancy Kane as a school district employee has a duty to protect students under her care.

67. In breach of the aforementioned duty, Defendant Nancy Kane, committed numerous negligent acts or omissions described herein that resulted in harm to S.C.C. and Dawn.

68. S.C.C. and Dawn were harmed as a result of Defendant Nancy Kane's negligent conduct.

69. The District and/or LCSEA and Corena Steinmeyer willfully and wantonly disregard the actions of Nancy Kane related to S.C.C. and with deliberate indifference which caused Dawn and S.C.C. harm.

## COUNT VIII
### Intentional Infliction of Emotional Distress
**(Against Defendant Amanda Banks, Susan Stastny, and Nancy Kane in their individual and official capacity, Corena Steinmeyer, in her individual and official capacity, the District as Respondeat Superior, and LCSEA as Respondeat Superior)**

70. The allegations of paragraphs 1 through 69 are incorporated herein by reference.

71. Defendants Amanda Banks, Susan Stastny, and Nancy Kane acted with a cumulative pattern of coercive and offensive conduct intended to harm S.C.C. and Dawn.

72. Defendants Amanda Banks, Susan Stastny, and Nancy Kane abused their positions and/or relations with S.C.C. which gave them actual or apparent authority over S.C.C. and/or the power to affect S.C.C.'s interests.

73. The conduct of Defendants Amanda Banks, Susan Stastny, and Nancy Kane were truly extreme and outrageous.

74. Defendants Amanda Banks, Susan Stastny, and Nancy Kane intended that their conduct toward S.C.C. and Dawn inflict severe distress, or knew that there was a high probability that their conduct would inflict severe distress.

75. Defendants Amanda Banks', Susan Stastny's, and Nancy Kane's conduct did in fact cause S.C.C. and Dawn severe emotional distress.

76. The District and/or LCSEA and Corena Steinmeyer willfully and watonly disregard the actions of Amanda Banks, Susan Stastny, and Nancy Kane related to S.C.C. and with deliberate indifference which caused Dawn and S.C.C. severe emotional distress.

## COUNT IX
### Reckless Infliction of Emotional Distress
**(Against Defendants Amanda Banks, Susan Stastny, and Nancy Kane, in their individual and official capacities, Corena Steinmeyer, in her individual and official capacity, the District as Respondeat Superior, and LCSEA as Respondeat Superior)**

77. The allegations of paragraphs 1 through 76 are incorporated herein by reference.

78. Defendants Amanda Banks, Susan Stastny, and Nancy Kane acted with a cumulative pattern of coercive and offensive conduct that was willful and wanton and/or reckless which caused harm S.C.C. and Dawn.

79. Defendants Amanda Banks, Susan Stastny, and Nancy Kane abused their position and/or relation with S.C.C. which gave them actual or apparent authority over S.C.C. and/or the power to affect S.C.C.'s interests.

80. The conduct of Defendants Amanda Banks, Susan Stastny, and Nancy Kane was truly extreme and outrageous.

81. Defendants Amanda Banks', Susan Stastny's, and Nancy Kane's conduct toward S.C.C. and Dawn was willful and wanton and/or reckless.

82. Defendant, Susan Stastny's, Nancy Kane's, and Amanda Banks' conduct did in fact cause S.C.C. and Dawn severe emotional distress.

83. The District and/or LCSEA and Corena Steinmeyer willfully and watonly disregard the actions of Amanda Banks, Susan Stastny, and Nancy Kane related to S.C.C. and with deliberate indifference which caused Dawn and S.C.C. severe emotional distress.

## COUNT X
## FALSE IMPRISONMENT
### (Against Defendant Amanda Banks)

84. The allegations of paragraphs 1 through 83 are incorporated herein by reference.

85. False imprisonment occurs when a person causes or procures the unreasonable or unlawful restraint of another's personal liberty against that person's will. *Vincent v. Williams*, 279 Ill. App. 3d 1, 5-6, 664 N.E.2d 650, 654 (1st. Dist. 1996).

86. Defendant Amanda Banks caused an unreasonable or unlawful restraint of S.C.C.'s personal liberty by intentionally removing her from Dawn's home where she had a "high level of care with consistency and structure" as directed and recommended by her medical providers, coercing S.C.C. to move in with her and her husband, and keeping her from communication or contact with her family and caregivers.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants, Dixon Public School District #170, Dixon Public School

Board, Amanda Banks, Corena Steinmeyer, Susan Stastny, Nancy Kane, Lee County Special Education Association, Margo Empen, and Michael Juenger, awarding compensatory damages and punitive damages, pecuniary damages, in an amount sufficient to compensate S.C.C. and her Parent/Guardian in an amount sufficient to compensate for the pain and mental anguish suffered by S.C.C. and/or the Parent due to the deliberate indifference and intentional misconduct of Defendants, but in no event less than $500,000, together with attorneys' fees and costs. The Plaintiffs move this honorable Court to enter a judgment for any and all of S.C.C.'s constitutional rights violated by the Defendants jointly and severally.

Dated: May 16, 2016              Respectfully submitted,

                                 By: /s/Joyce O'Neill Austin
                                 Joyce O'Neill Austin, Attorney for Plaintiffs

Prepared by:
THE LAW OFFICES OF SHRIVER, O'NEILL & THOMPSON
Joyce O'Neill Austin, ARDC# 6192790
515 N. Court Street
Rockford, IL 61103
P: (815) 963-4896
F: (815) 963-4904
oneillaustin@aol.com